CLYDE MARLER v. PEARLMAN'S RAILROAD SALVAGE COMPANY.

(Filed 9 March, 1949.)

**Negligence § 3: Sales § 17—**

> Plaintiff's evidence tended to show that defendant gave plaintiff's mother a can of a nationally advertised brand of glue to mend a table that his mother had bought from him, that when plaintiff undertook to open the can, there was a violent explosion when the contents of the can came in contact with the air, and the lid of the container flew up and hit him in the eye causing serious injury. *Held:* Judgment of nonsuit was properly entered.

APPEAL by plaintiff from *Clement, J.,* at September Term, 1948, of MADISON.

This is an action to recover for personal injuries alleged to have been sustained by the plaintiff. The plaintiff alleges (1) negligence, and (2) breach of an implied warranty.

The plaintiff's mother had gone to the defendant's place of business the day before the alleged accident, and complained about the corner of a table having come apart, the table having been bought from the defendant some two years before. Mr. Pearlman, owner of the defendant Salvage Company, offered to repair the table if she would have it sent to his place of business. She informed him she had no way of bringing the table to his place of business. He then told her he would give her a can of glue and she could fix it. She expressed some doubt as to her ability to fix the table and he asked her if she had a son and she said she did. She accepted the can of glue which was a nationally advertised

product. The plaintiff testified that on the following day when he undertook to open the can of glue to fix the dining room table, when the contents of the can came into contact with the air, there was a violent explosion and the lid to the container flew up and hit him in the eye, causing serious and permanent injury to his left eye.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was granted and the plaintiff appealed to the Supreme Court.

*J. M. Bailey, Jr., for plaintiff.*
*Williams & Williams for defendant.*

PER CURIAM. A careful consideration of the plaintiff's evidence, when considered in the light most favorable to him, leads us to the conclusion that it is not sufficient to carry this case to the jury. Hence, the judgment of the court below will be upheld.

Affirmed.